FILED BY KB D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 FEB 28 PM 7:07

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

| | |
|---|---|
| RICHARD S. COPELAND, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>NORTHWEST AIRLINES CORPORATION and NORTHWEST AIRLINES, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)    No. 04-2156 M1/V<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER GRANTING IN PART AND DENYING IN PART AS MOOT DEFENDANTS'
MOTION TO TRANSFER VENUE, TO STAY, OR IN THE ALTERNATIVE, TO
DISMISS PROCEEDINGS UNDER RULE 12(b)(6)
AND
ORDER DENYING PLAINTIFF'S MOTION TO STAY ALL PROCEEDINGS PENDING
DECISION ON TRANSFER BY MDL PANEL AS MOOT

Before the Court is Defendants Northwest Airlines
Corporation and Northwest Airlines, Inc.'s (collectively
"Northwest") Motion to Transfer Venue, to Stay, or in the
Alternative, to Dismiss Proceedings Under Rule 12(b)(6), filed
March 15, 2004. Plaintiff responded in opposition on April 14,
2004 and July 20, 2004. Also before the Court is Plaintiff's
Motion to Stay All Proceedings Pending Decision on Transfer by
MDL Panel, filed April 14, 2004. Defendants filed a response on
April 29, 2004. For the following reasons, the Court GRANTS in
part and DENIES in part as moot Defendants' Motion to Transfer

-1-

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 3-1-2005

45

Venue, to Stay, or in the Alternative, to Dismiss Proceedings
Under Rule 12(b)(6).  The Court also DENIES Plaintiff's Motion to
Stay All Proceedings Pending Decision on Transfer by MDL Panel as
moot.

## I.  Background

The instant case arises due to Plaintiff's allegation that
Northwest unlawfully disclosed personal information to a
governmental entity.  In December of 2001, the National
Aeronautical and Space Administration ("NASA") requested that
Northwest provide system-wide passenger data from July through
September of 2001, in order to perform research regarding airline
security.  Northwest, without notifying or obtaining
authorization or consent from its customers, subsequently
provided to NASA information from its Airline Passenger and
Reservation database, which contained personal data about
individuals who had flown on Northwest between July and December
of 2001.  In particular, the information provided to NASA
included the individuals' names, addresses, telephone numbers,
credit card numbers, and information regarding their itineraries.

Plaintiff filed a class action complaint in the Circuit
Court of Shelby County, Tennessee for the Thirtieth Judicial
District at Memphis on February 2, 2004.  Northwest filed a
Notice of Removal to this Court on March 8, 2004.

Eight similar class actions have been filed in federal

district courts nationwide.  Seven of those actions were filed in Minnesota and were subsequently consolidated into a master case, In re Northwest Airlines Privacy Litig., No. Civ. 04-126(PAM/JSM), 2004 WL 1278459 (D. Minn. June 6, 2004).  The remaining action was filed in North Dakota.  Dyer v. Northwest Airlines Corp.'s, 334 F.Supp.2d 1196 (D. N.D. 2004).

## II.  Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss the plaintiff's complaint "for failure to state a claim upon which relief can be granted."  When considering a 12(b)(6) motion to dismiss, a court must treat all of the well-pleaded allegations of the complaint as true, Saylor v. Parker Seal Co., 975 F.2d 252, 254 (6th Cir. 1992), and must construe all of the allegations in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## III. Analysis

Plaintiff alleges that Northwest violated the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2702(a)(1) and (a)(3), the Tennessee Consumer Protection Act ("TCPA"), Tennessee Code Annotated § 47-18-101 et seq., "and to the extent

applicable, substantially similar laws of other states." (Pl.'s
Compl. at 9.)

As an initial matter, the Court addresses Plaintiff's motion
to stay all proceedings pending a decision by the Judicial Panel
on Multidistrict Litigation ("MDL") on Plaintiff's motion for
centralization with the eight similar actions filed in other
federal courts.  On September 21, 2004, the MDL panel issued an
order deeming Plaintiff's motion moot because the seven Minnesota
class actions and the North Dakota class action had been
dismissed.  In re Northwest Airlines Corp. Privacy Litig., No.
1618 (J.P.M.L. Sept. 21, 2004)  Accordingly, the Court DENIES
Plaintiff's motion as moot.

The Court next addresses Defendants' motion to dismiss the
proceedings pursuant to Federal Rule of Civil Procedure 12(b)(6).

**A.  Electronic Communications Privacy Act**

Section 2702 of the ECPA regulates the disclosure of
customer communications or records.  The ECPA provides that a
person or entity providing an electronic communication service to
the public:

> (1) ... shall not knowingly divulge to any person or
> entity the contents of a communication while in
> electronic storage by that service; and ...
>
> ....
>
> (3) ... shall not knowingly divulge a record or other
> information pertaining to a subscriber to or customer
> of such service (not including the contents of
> communications covered by paragraph (1) or (2)) to any

-4-

governmental entity.

18 U.S.C. §§ 2702(a)(1) and (a)(3).  An "electronic communication service" is defined under the ECPA as "any service which provides to users thereof the ability to send or receive wire or electronic communications."  18 U.S.C. § 2510(15).

Northwest contends that Plaintiff fails to state a claim under the ECPA because it does not provide an "electronic communication service."[1]  Numerous Courts have found that the term "electronic communication service" refers to entities that provide internet access to customers, such as internet service providers ("ISP's"), as opposed to merchants and businesses that sell their products or services over the internet.  Dyer v. Northwest Airlines Corp.'s, 334 F.Supp.2d 1196, 1198-99 (D. N.D. 2004).[2]  Although the United States Court of Appeals for the

---

[1] Plaintiff originally alleged that Northwest's course of conduct violated 18 U.S.C. §§ 2702(a)(1) and (a)(3).  Plaintiff has since conceded that no claim exists against Northwest under 18 U.S.C. § 2702(a)(1).  (Pl.'s Resp. to Defs.' Mot. to Transfer Venue, to Stay, or in the Alternative, to Dismiss Proceedings Under Rule 12(b)(6) (Docket No. 19) at 6.)

[2] See also In re Northwest Airlines Privacy Litig., No. Civ. 04-126(PAM/JSM), 2004 WL 1278459, at *2 (D. Minn. June 6, 2004) (finding Northwest not an "electronic communication service" provider and stating that "[d]efining electronic communications service to include online merchants or service providers like Northwest stretches the ECPA too far");  In re Doubleclick Inc., Privacy Litig., 154 F.Supp.2d 497, 511 n. 20 (S.D.N.Y. 2001) (stating that examples of "electronic communication service" providers "include ISPs such as America Online, Juno and UUNET, as well as, perhaps, the telecommunications companies whose cables and phone lines carry the traffic");  Crowley v.
(continued...)

Sixth Circuit has not yet addressed this question, the Court finds the reasoning of those Courts that have found the ECPA not to apply to businesses selling their products and services over the internet persuasive. Northwest is not an internet service provider. Rather, Northwest is an airline that sells its customers airline tickets over the internet. Northwest is therefore not a provider of an "electronic communication service" under the ECPA. Accordingly, the Court finds that Plaintiff fails to state a claim under 18 U.S.C. § 2702(a)(3). See Dyer, 334 F.Supp.2d at 1199; In re Northwest Airlines Privacy Litig., 2004 WL 1278459 at *2.

**B. Tennessee Consumer Protection Act**

Northwest contends that Plaintiff's TCPA claims are preempted by the Airline Deregulation Act ("ADA"), 49 U.S.C. 41713. The determination of whether a state law is preempted is ultimately a question of statutory intent. Morales v. Trans World Airlines, Inc., 504 U.S. 374, 383 (1992). The preemption

---

(...continued)
Cybersource Corp., 166 F.Supp.2d 1263, 1270 (N.D. Cal. 2001) (finding Amazon.com not a provider of "electronic communication service"); Andersen Consulting LLP v. UOP, 991 F.Supp. 1041, 1043 (N.D. Ill. 1998) (finding business with internal e-mail system available for communicating with third parties not a provider of "electronic communication service" because business did not independently provide internet services); But see United States v. Mullins, 992 F.2d 1472, 1478 (9th Cir. 1993) (finding American Airlines, through its computerized travel reservations system accessed through computer terminals by travel agents, was a provider of an "electronic communication service").

-6-

analysis therefore begins "with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose." Id. (quoting FMC Corp. v. Holliday, 498 U.S. 52, 57 (1990) (internal quotation marks omitted); Park 'N Fly, Inc. v. Dollar Park & Fly, Inc., 469 U.S. 189, 194 (1985)).

Section 41713(b)(1) of the ADA provides that "a State ... may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier...." 49 U.S.C. § 41713(b)(1). The Supreme Court has stated that the phrase "relating to" in the ADA preemption clause expresses "a broad pre-emptive purpose" and construed the phrase to mean that "[s]tate enforcement actions having a connection with or reference to airline 'rates, routes, or services' are pre-empted under [the ADA]." Morales, 504 U.S. at 383-84.

Furthermore, the Supreme Court has held that the ADA preemption clause "bars state-imposed regulation of air carriers...." American Airlines, Inc. v. Wolens, 513 U.S. 219, 222 (1995). In particular, the Court in Wolens noted "the potential for intrusive regulation of airline business practices inherent in state consumer protection legislation," in concluding that the ADA preempted claims brought against an airline under the Illinois Consumer Fraud and Deceptive Business Practices Act.

-7-

Id. at 227-28; See also Fed. Express Corp. v. United States
Postal Serv., 55 F.Supp.2d 813, 817 (W.D. Tenn. 1999) (finding
that, for the purpose of ADA preemption, the TCPA constitutes
state consumer protection legislation).

Plaintiff alleges in his Complaint that Northwest violated
the TCPA by disclosing personal information to NASA.[3]
Plaintiff's TCPA claims, however, relate to Northwest's services
as an air carrier.[4]  Therefore, the Court finds that Plaintiff's
TCPA claims against Northwest are preempted by the ADA.  See In
re Northwest Privacy Litigation, 2004 WL 1278459 at *4 (holding
that similar claims brought against Northwest under the Minnesota
Deceptive Trade Practices Act were preempted by the ADA).

The Court therefore GRANTS Defendants' motion to dismiss
Plaintiff's claims brought under the Electronic Communications
Privacy Act and the Tennessee Consumer Protection Act.  Because
the Court has dismissed all of Plaintiff's claims, Defendants'
Motions to Transfer Venue and to Stay are DENIED as moot.

---

[3] As previously noted, Plaintiff alleges in his Complaint
that he is entitled to relief under the laws of other states that
are substantially similar to the Tennessee Consumer Protection
Act, to the extent they are applicable.  Plaintiff, however, has
not specifically identified any laws of other states
substantially similar to the TCPA which Defendants purportedly
violated.  Moreover, under Morales and Wolens, any such claims
would be preempted by the ADA.  Accordingly, Plaintiff's claims
regarding other states' laws are likewise dismissed.

[4] Moreover, Plaintiff has asserted no reason why its TCPA
claims are not preempted by the ADA.

IV.  **Conclusion**

For the foregoing reasons, the Court GRANTS in part and
DENIES in part as moot Defendants' Motion to Transfer Venue, to
Stay, or in the Alternative, to Dismiss Proceedings Under Rule
12(b)(6).  The Court DENIES Plaintiff's Motion to Stay All
Proceedings Pending Decision to Transfer by MDL Panel.  The Court
accordingly DISMISSES all of Plaintiff's claims against the
Defendants.

So ORDERED this 28 day of February, 2005.

_____

JON P. McCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 45 in
case 2:04-CV-02156 was distributed by fax, mail, or direct printing on
March 1, 2005 to the parties listed.

---

Leo Maurice Bearman
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Edward Westbrook
RICHARDSON PATRICK WESTBROOK & BRICKMAN, L.L.C.
P.O. Box 879
Mount Pleasant, SC 29464

James L. Ward
RICHARDSON PATRICK WESTBROOK & BRICKMAN, L.L.C.
P.O. Box 879
Mount Pleasant, SC 29464

Kevin L. Oufnac
RICHARDSON PATRICK WESTBROOK & BRICKMAN, L.L.C.
P.O. Box 879
Mount Pleasant, SC 29464

Elissa M. Mulrooney
BRATTON & O'NEAL
675 Oakleaf Office Ln.
Ste. 200
Memphis, TN 38117

Allan Kanner
ALLAN KANNER & ASSOCIATES, P.L.L.C.
701 Camp Street
New Orleans, LA 70130

Daniel J. Brown
DORSEY & WHITNEY LLP
50 South Sixth St.
Ste. 1500
Minneapolis, MN 55402

G. Ray Bratton
BRATTON & O'NEAL
675 Oakleaf Office Ln.
Ste. 200
Memphis, TN 38117

Theresa M. Bevilacqua
DORSEY & WHITNEY LLP
50 South Sixth St.
Ste. 1500
Minneapolis, MN 55402

Conlee S. Whiteley
ALLAN KANNER & ASSOCIATES, P.L.L.C.
701 Camp Street
New Orleans, LA 70130

Thomas Tinkham
DORSEY & WHITNEY LLP
50 South Sixth St.
Ste. 1500
Minneapolis, MN 55402

Gregory W. O'Neal
BRATTON & O'NEAL
675 Oakleaf Office Ln.
Ste. 200
Memphis, TN 38117

Honorable Jon McCalla
US DISTRICT COURT